**HURT, Plaintiff-Appellee and Cross-Appellant, v. CHARLES J. ROGERS TRANSPORTATION CO., Defendant-Appellant and Cross-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23179.   Decided December 13, 1954.

Harrison, Spangenburg & Hull, Cleveland, for plaintiff-appellee.

McConnell, Blackmore, Cory & Burke, Cleveland, for defendant-appellant.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District, sitting by designation, in the Eight District.)

## OPINION

Per CURIAM:

We have in this case an appeal on questions of law, and a cross-appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, Ohio.

Howard H. Hurt brought an action for personal injuries against Charles J. Rogers Transportation Company (hereinafter called Rogers) and Ford Motor Company. A verdict for $100,000 was returned by the jury against both defendants. Both defendants filed motions for judgment notwithstanding the verdict. Rogers also filed a motion for a new trial. The motion for judgment notwithstanding the verdict, filed on behalf of Ford Motor Company was granted by the trial court; and in this appeal we do not have that judgment to review.

The trial court denied the motion for judgment notwithstanding the verdict filed in behalf of Rogers, and thereafter the instant appeal was duly filed. The trial court, on the hearing of the Rogers motion for a new trial, held the verdict excessive and ordered a remittitur in the sum of $45,000.00. Howard H. Hurt refused to accept the remittitur, whereupon the Rogers motion for a new trial was granted. It is from the judgment awarding a new trial to Rogers that Howard H. Hurt filed his cross-appeal herein.

Rogers, for his assignment of error, says:

"1. The court erred in its failure to direct a verdict for Rogers at the end of all of the evidence.

"2. The court erred in failing to grant Rogers' motion for judgment notwithstanding the verdict.

"3. The judgment of the trial court was contrary to law."

Howard H. Hurt, for his assignment of error on the cross-appeal says:

"The trial court committed error, prejudicial to the rights of plaintiff, in entering order granting a new trial to the defendant, upon plaintiff's refusal to accept a remittitur reducing the verdict."

There is no occasion in this memorandum to detail the evidence shown by the lengthy bill of exceptions.

The judges of the Sixth Appellate District, in an opinion written by Judge Fess, on May 7, 1952, in a former appeal in this case, made an analysis of the same evidence presented to us in the instant appeal. After a careful examination of the evidence, the briefs and the law, we must arrive at the same result expressed by the Judges of the Sixth Appellate District, when, at the end of their opinion, they said:

"* * * We conclude that as against Rogers * * * there was some evidence to support each essential issue of plaintiff's claim."

The judgment of the trial court denying the Rogers' motion for judgment notwithstanding the verdict is affirmed.

In our examination of the cross-appeal, we are met with the question,—Did the trial judge, in granting this motion for a new trial, abuse his discretion? A judgment granting a new trial is not a final appealable order, unless the trial judge, in allowing a new trial, committed an abuse of discretion.

Abuse of discretion is a term that has been defined as "more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion." Klever v. Reid Bros. Express Inc. et al, 154 Oh St 492.

In the instant case, we do not find that the trial court abused his discretion. The question, is a judgment granting a new trial a final appealable order? has been before the court many times. And in the case of Green v. Acacia Mutual Life Ins. Co., 156 Oh St 1, the Supreme Court said:

"4. An order granting a new trial upon motion made in accordance with §11578 GC, is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and §12223-2 GC providing that 'an order vacating or setting aside a judg-

ment and ordering a new trial, is a final order,' is in conflict with **Section 6, Article IV of the Ohio Constitution.**"

In the case of **Gray v. Youngstown Municipal Ry. Co.**, 160 Oh St 511, there appears a change of attitude, evidenced by one of the judges who joined in the majority decision in the Green v. Acacia etc case supra. What new development or change in the law may take place in the Supreme Court, as it will be in the near future, due to an impending change of membership, can be only a guess on the part of this Court. We believe that, notwithstanding the adoption of the Revised Code, wherein former §12223-2 GC has been re-enacted as §2505.02 R. C., this court is bound to follow the rule in the Green v. Acacia etc. case, supra.

We therefore determine, as to the cross-appeal, that there was no abuse of discretion on the part of the trial judge in granting the motion for a new trial and hence such judgment is not a final order from which an appeal may be taken.

The order denying the motion for judgment notwithstanding the verdict, is affirmed and the cross-appeal from the order granting the motion for a new trial is dismissed. Each party will pay the costs incurred as a result of the action taken by such party. Exc. Order see journal.

DOYLE, PJ, STEVENS, J, HUNSICKER, J, concur.